**Richard A. KING, Director of Revenue, State of Missouri, Petitioner,**

v.

**NATIONAL SUPER MARKETS, INC., et al., Respondents.**

**No. 64503.**

Supreme Court of Missouri, En Banc.

June 30, 1983.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for petitioner.

Kim Roger Luther, St. Louis, for respondents.

HIGGINS, Judge.

The Director of Revenue seeks reversal of a decision of the Administrative Hearing Commission which set aside the Director's assessment of use tax on the purchase of paper bags by National Super Markets, Inc., and held the purchases exempt from use tax under section 144.615(6) RSMo 1978. The Director contends the Commission erred because the transfer of the bags from National to its customers does not constitute a "sale" as defined by section 144.-605(5), thereby making the resale exemption inapplicable. Affirmed.

On December 27, 1979, the Director of Revenue assessed National Super Markets, Inc., $33,849.56 of use tax for the period August 1, 1977, through July 31, 1979. The assessment was made on National's purchases of paper bags, butcher paper, plastic bags, plastic roller bags, twine and twisters from out-of-state vendors. After National petitioned for review before the Adminis-

trative Hearing Commission, the Director amended the assessment to exclude all items except the paper bags. The Commission determined that National's customers received title to the paper bags in exchange for consideration paid. Thus National sold the bags to its customers thereby rendering the original purchases sales for resale, exempt from use tax under section 144.615(6) RSMo 1978. Upon this review, the decision of the Administrative Hearing Commission "shall be upheld when authorized by law and supported by competent and substantial evidence upon the whole record...." § 161.338 RSMo 1978.

National Super Markets, Inc., sells groceries at retail from thirty-five locations in Missouri and seventeen locations in Illinois. The paper bags assessed for use tax by the Director were purchased under resale exemption certificates and were used in bagging customers' purchases. The Comptroller of National's St. Louis Division testified the cost of these materials is included in the retail price National charged its customers. She indicated that National performs a monthly internal audit designed to ensure that profits are maintained at a certain level. Retail prices are set by determining the percentage of retail sales which are consumed by the cost of goods sold and the cost of the paper bags. If either the cost of goods sold or the cost of the paper bags increases, National raises the retail price of their merchandise thus passing the increased cost directly to their customers. The cost of the paper bags amounts to approximately .35 percent of the retail cost of goods to the customer.

The Pricing Coordinator for National's St. Louis Division confirmed the Comptroller's testimony and added that National employees are trained to make maximum use of paper bags when bagging merchandise; the quantity, size, and type of item each customer purchases dictates the number of bags they receive. The customer has no right to a specific number of bags based on the value of the purchase; nor may the customer receive a reduction in the purchase price of merchandise by refusing to accept the bags.

Section 144.615(6) exempts from use tax "[t]angible personal property held by processors, retailers, importers, manufacturers, wholesalers, or jobbers solely for resale in the regular course of business." *Id.* The definition of resale in this section is interchangeable with the definition of "sale" found in section 144.605(5) RSMo 1978. *Smith Beverage Co. v. Reiss,* 568 S.W.2d 61, 64 (Mo. banc 1978). A "sale" is defined as:

> any transfer, barter or exchange of the title or ownership of tangible personal property, or the right to use, store or consume the same, for a consideration paid or to be paid, and any transaction whether called leases, rentals, bailments, loans, conditional sales or otherwise, and notwithstanding that the title or possession of the property or both is retained for security.

§ 144.605(5) RSMo 1978.

The Director contends the transfer of bags from National to its customers is not a sale because no consideration flows from the customer to National as required in section 144.605(5).

"Consideration is something moving from one party to the other; it can be in the form of a legal benefit or detriment.... 'A valuable consideration "may consist of some right, interest, profit or benefit accruing to one party, or some forbearance, loss or responsibility given suffered or undertaken by the other." ' " *Reed, Roberts Associates v. Bailenson,* 537 S.W.2d 238, 240–41 (Mo.App.1976) (quoting *Charles F. Curry & Co. v. Hedrick,* 378 S.W.2d 522, 533 (Mo. 1964)).

The cost of the paper bags transferred from National to its customers is factored into the price for which its goods are sold. This cost amounts to .35 percent of the total cost of goods purchased by each customer. Thus the purchasers are paying the increased price in exchange for the quantity of bags required to bag their purchase; therefore, transfer of the bags from National to its customers is supported by consideration as required in section 144.605(5) RSMo 1978. *See State ex rel. Denny's Inc.*

*v. Goldberg,* 578 S.W.2d 925, 927–28 (Mo. banc 1979) (where Court held sale occurred and sales tax paid when cost of meals furnished employees was factored into menu prices charged customers). The Commission correctly determined that National sold bags to its customers, and its purchases were sales for resale, exempt from use tax under section 144.615(6).

An analysis of the purpose of the use tax supports the decision in this case. The use tax is levied on the privilege of storing, using, or consuming tangible personal property within this state. § 144.610 RSMo 1978. Its primary function is to "complement, supplement, and protect the sales tax by creating 'equality of taxation of purchases or use of property purchased outside the state which cannot be reached as sales because of the commerce clause....'" *Management Services, Inc. v. Spradling,* 547 S.W.2d 466, 468 (Mo. banc 1977) (quoting *Farm and Home Savings Ass'n v. Spradling,* 538 S.W.2d 313, 317 (Mo. banc 1976)).

As noted earlier National includes the cost of the paper bags in computing the price charged its customers. In this way National pays sales tax on the paper bags when it pays tax upon the gross revenue derived from its retail sales. *Accord Arkansas Beverage Co. v. Heath,* 521 S.W.2d 835, 840 (Ark.1975); *Hervey v. Southern Wooden Box, Inc.,* 486 S.W.2d 65, 67–68 (Ark.1972); *Wiseman v. Arkansas Wholesale Grocers' Ass'n,* 193 Ark. 313, 90 S.W.2d 987 (1936). Imposition of use tax on National's purchase of paper bags would amount to double taxation and would not serve the express purpose of the use tax.

Accordingly, the judgment is affirmed.

RENDLEN, C.J., GUNN, BILLINGS, BLACKMAR and DONNELLY, JJ., and LOWENSTEIN, Special Judge, concur.

WELLIVER, J., not sitting.