**DEAN MACHINERY CO., Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 78214.

Supreme Court of Missouri,
En Banc.

Jan. 23, 1996.

William B. Prugh, Dean H. Kuckelman, Kansas City, for respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gretchen Garrison, Asst. Atty. Gen., Jefferson City, for appellant.

WHITE, Judge.

Director of Revenue ("Director") appeals a decision of the Administrative Hearing Commission ("AHC") excluding purchases of certain parts by Dean Machinery Co. ("Dean") from sales tax.[1] We must determine if there

1is a "sale" of these parts to customers under § 144.010.1(7), RSMo 1994. Jurisdiction is proper because this case involves construction of state revenue laws. Mo. Const. art. V, § 3. We affirm.

## I.

Dean sells, services, and repairs heavy industrial equipment manufactured by Caterpillar Co. Dean charges customers for parts used in repairs and collects sales tax on those parts. If Dean makes an installation error requiring replacement of repaired parts or other parts damaged due to the error, it provides the additional parts, called rework parts, at no charge. For example, a customer pays for parts and labor for installation of a new head on a truck. During the installation, Dean's mechanic accidentally leaves a shop rag in a water jacket causing damage to the head as well as to the pistons and liners. Dean replaces the head, pistons, and liners without charging the customer. Although Dean does not charge the customer for the rework parts, Dean presented evidence it covers the historic cost of rework parts in the price it charges for new parts.

After a 1994 audit, Director assessed Dean for sales tax on rework parts purchased from July 1, 1990 through June 30, 1993. Dean did not contest other assessments arising from the audit. Director argued no sale occurred on the rework parts, thus Dean was liable for sales tax when they were purchased. The AHC, relying on *Sipco, Inc. v. Director of Revenue*, 875 S.W.2d 539 (Mo. banc 1994), concluded Dean's rework parts were purchased for resale and excluded from sales tax. We uphold decisions of the AHC if they are "authorized by law and supported by competent and substantial evidence upon the whole record." § 621.193, RSMo 1994; *House of Lloyd, Inc. v. Director of Revenue*, 884 S.W.2d 271, 276 (Mo. banc 1994) (*Lloyd II*).

## II.

Missouri sales tax focuses on the retail level. *Sipco*, 875 S.W.2d at 541. Proper-

---

1. The AHC determined Dean did not owe sales or use tax on the parts; however, Dean agreed to pay the use tax and the parties only dispute the sales tax assessed on certain parts.

ty purchased to be resold is excluded from sales taxation. *Id.;* § 144.010.1(8), RSMo 1994. This retail taxing scheme taxes property only once, not at every transaction in the stream of commerce. *Sipco,* 875 S.W.2d at 541.

In *Sipco,* Director assessed use tax on the dry ice pork producers shipped with their meat. This Court decided the dry ice was exempt from use tax because it was held for resale even though Sipco offered no accounting evidence allocating the pork and the ice portions of the total customer charge. *Id.* at 542. *Sipco* set out the elements necessary to establish a sale in the context of the use tax resale exemption: "(1) any transfer, barter or exchange; (2) of the title or ownership of tangible personal property ...; (3) for a consideration paid or to be paid." *Id.* at 541 (quoting § 144.605(7), RSMo 1994). Although *Sipco* analyzed the elements of a sale using the use tax statutory definition of sale, *Lloyd II* applied the *Sipco* analysis to both use and sales tax. *Lloyd II,* 884 S.W.2d at 275.

Only the third element was disputed in *Sipco* and in this case. *Sipco,* 875 S.W.2d at 541. The Court declared detailed accounting evidence unnecessary to establish the consideration element because "one need not be an accountant to understand that the value of the dry ice was factored directly or indirectly into the total consideration paid for the pork." *Id.; See also Lloyd II,* 884 S.W.2d at 275 (not "requiring the taxpayer to prove by accounting experts what seemed obvious to a person of ordinary intelligence and business acumen").

Dean establishes the sale of rework parts using the statutory elements for a sale listed in *Sipco.* A transfer, barter, or exchange occurs when the rework part is installed and title to the part passes to the customer on possession. The parties dispute whether the customer pays consideration as a portion of the original part price. Dean presented evidence the price of original parts reflects the cost of rework parts over the past five years as well as the cost of the original part plus a profit margin. Dean divides its total rework cost between service and parts, and service pricing also reflects the labor costs of install-

ing rework parts. Dean satisfies all three *Sipco* elements for a sale; therefore, it owes no sales tax on the purchase of rework parts.

### III.

Director first argues *Sipco* and its progeny, *Lloyd II,* apply only to packaging cases. In those cases, packing material transferred to the customer in a contemporaneous exchange that included the cost of packaging. Director contends Dean rework parts do not transfer to the customer contemporaneously with the consideration or with the title to the original part. For any given customer there may never be a transfer of rework parts. Therefore, the packaging material evidentiary standard, an assumption based on common knowledge, is inapplicable. Director wants Dean to establish a quantifiable connection between what each customer pays and receives.

The timing relationship between transfer and consideration is not discussed in *Sipco* or *Lloyd II.* Moreover, the statute does not require contemporaneous transfer and consideration. § 144.010.1(7), RSMo 1994. Such a requirement could read, "as a part of a contemporaneous exchange of valuable consideration" rather than the current statutory language, "for valuable consideration." The legislature chose not to use those words. "A court may not add words by implication to a statute that is clear and unambiguous." *Asbury v. Lombardi,* 846 S.W.2d 196, 202 n. 9 (Mo. banc 1993).

### IV.

Director next argues the AHC's decision is not supported by substantial evidence. Director contends Dean's factoring in evidence did not rise to a level sufficient to prove consideration according to the standard set forth in *King v. National Super Markets, Inc.,* 653 S.W.2d 220 (Mo. banc 1983). In *National Super Markets,* the actual cost of grocery bags accounted for a percentage of the retail price paid by customers. *Id.* at 221. Director's reliance on *National Super Markets* is misplaced because *Sipco* states, "[t]o the extent that *National Super Markets* and *House of Lloyd* imply that the

holder of goods must show a calculated cost specifically factored into the price for resale to take advantage of the resale exemption, they are misleading and should no longer be followed." *Sipco,* 875 S.W.2d at 542.

### V.

Dean produced evidence satisfying the *Sipco* elements for a sale. The AHC, recognizing *Sipco* controls, excluded Dean's rework parts from sales tax liability. The AHC's decision is "authorized by law and supported by competent and substantial evidence upon the whole record." § 621.193, RSMo 1994; *Lloyd II,* 884 S.W.2d at 276. We affirm.

All concur.