**ALADDIN'S CASTLE, INC., Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. 78323.

Supreme Court of Missouri,
En Banc.

Feb. 20, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gretchen Garrison, Asst. Atty. Gen., Jefferson City, for appellant.

Carole Lewis Iles, John P. Barrie, St. Louis, for respondent.

HOLSTEIN, Chief Justice.

The Director of Revenue appeals a decision by the Administrative Hearing Commission (AHC) holding that Aladdin's Castle, Inc., (Aladdin) was not liable for use tax on prizes awarded to customers at Aladdin's twelve arcades in Missouri. The question presented involves the construction of §§ 144.605(13), 144.610, and 144.615.[1] The decision of the AHC is affirmed.

## I.

Aladdin's customers purchase tokens, which are deposited into machines to play arcade games. Aladdin pays a sales tax on the gross receipts from the sale of the tokens. For some games, tickets are awarded that may be redeemed for prizes. The high-

er the skill level of the game and the more successful the player, the more tickets are awarded. An exception is made in some games designed for younger children. Those games dispense a small number of tickets upon deposit of a token, regardless of success. Customers may then exchange tickets for prizes. The more tickets the customer earns, the more desirable the prize. The prizes, also referred to as "plush," range from inexpensive novelties to cameras and telescopes. Some of these plush items are displayed in the arcade for the purpose of attracting customers.

The director audited Aladdin and assessed $9,235.20 in use tax and interest, and $461.76 in additions on Aladdin's use, storage and consumption of the plush. That assessment was denied by the AHC.

## II.

Section 144.610 levies a use tax on Aladdin's use, storage, and consumption in Missouri of any tangible personal property. The sale of property in the regular course of business is expressly excluded from the definition of use and, therefore, from the use tax levy. § 144.605(13). Also exempted from the use tax is "[t]angible personal property held ... solely for resale in the regular course of business." § 144.615(6). Sale or resale is defined as "any transfer, barter or exchange of the title or ownership of tangible personal property ... for a consideration[.]" § 144.605(7).

## III.

In a trilogy of cases, this Court held that where a business does not charge separately for goods transferred to customers but, rather, factors the cost of the goods into the price of all items sold to the customers, such goods are exempt from the use tax. *Sipco, Inc. v. Director of Revenue*, 875 S.W.2d 539, 542 (Mo. banc 1994); *House of Lloyd v. Director of Revenue*, 884 S.W.2d 271, 275 (Mo. banc 1994); and *King v. National Super Markets, Inc.*, 653 S.W.2d 220, 222 (Mo. banc 1983).

1. All references to statutes are to RSMo 1994, unless otherwise noted.

In determining whether the resale exemption of § 144.615(6) affords the exemption, three elements must be satisfied: (1) A transfer, barter or exchange (2) of the title or ownership of tangible personal property or the right to use, store or consume the same (3) for a consideration paid or to be paid. *Sipco*, 875 S.W.2d at 542. Clearly, in this case the first two elements are present. Aladdin received consideration for the tokens and the cost of the plush was included in the cost of the price charged for each token. As previously noted, Aladdin paid sales tax on its gross token receipts.

The fact that Aladdin received an incidental benefit in the form of using prominently displayed plush to lure customers into its arcades does not defeat the use tax exemption any more than the fact that a seller receives an incidental benefit from using packaging material to deliver goods to customers. *House of Lloyd*, 884 S.W.2d at 274–75. Neither does the fact that some customers receive no prizes defeat the exemption. *Sipco*, 875 S.W.2d at 542 (n. 4). If the three factors are met, Aladdin need not show that a calculated cost of the prizes was specifically factored into the price of the sale of tokens to take advantage of the resale exemption. *Sipco*, 875 S.W.2d at 542.

Distinguishable from the above cases is *R & M Enterprises, Inc. v. Director of Revenue*, 748 S.W.2d 171 (Mo. banc 1988), where a wholesaler of fabric sent samples of patterns and inventory to retailers. The wholesaler argued that the sample books were required for resale to its retailers. There the Court noted that there was "no quantitative connection between the furnishing of sample books to retailers and the purchase of fabric by retailers for their customers." *Id.* at 173. Here there is a quantitative connection between the prizes and the purchase of the tokens. The connection is that customers may not obtain prizes without purchasing tokens and a sales tax is charged on the tokens.

The exclusion and exemption afforded under §§ 144.605(13) and 144.615(6) applies, and Aladdin is not liable for use tax, interest or additions on the plush. The decision of the AHC is affirmed.

All concur.