**WESTWOOD COUNTRY CLUB, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. SC 81584.

Supreme Court of Missouri, En Banc.

Dec. 7, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Edward F. Downey, John P. Barrie, B. Derek Rose, St. Louis, for respondent.

MICHAEL A. WOLFF, Judge.

This petition to review a decision of the Administrative Hearing Commission raises two issues: First, does Westwood Country Club owe sales tax on its purchases of food for members' meals when such meals are excluded from sales tax since they are not "sales at retail?" Second, are the fees charged by Westwood for the use of golf carts on its premises subject to sales tax? We hold: (1) Since meals and beverages served by Westwood are not "sales at retail," Westwood must pay sales tax on its purchases of food and beverages for such service; and (2) Since Westwood has paid sales tax on its purchases of golf carts, Westwood does not owe sales tax on fees that the club charges to members for use of the carts.

Westwood is a private country club located in St. Louis County, Missouri, offering its members and guests golf, tennis, dining and other activities. It is not open to the public. Westwood purchases food that it prepares and serves to members and guests as meals. Since Westwood does not regularly serve meals and beverages to the public, its services to members and guests are excluded from sales tax. *Greenbriar Hills Country Club v. Director of Revenue*, 935 S.W.2d 36, 38 (Mo. banc 1996). Westwood charges a fee for the use of golf carts to its members and their guests.

The department of revenue required Westwood to pay sales tax of $2,846.02 on food purchases and cart fees for January of 1998 and assessed a similar tax of $1,411.84 for February of 1998. Westwood appealed to the commission, which found that Westwood owed no sales tax. Now, the director seeks review of the commission's decision.

### Taxation of Westwood's Food Purchases

The first issue is whether the food Westwood purchases to prepare and to serve to members and guests is subject to sales tax. Under *Greenbriar Hills*, no sales tax is charged on these meals since Westwood does not regularly sell meals to the public. 935 S.W.2d at 38. The commission's decision exempted Westwood from paying tax on its food and beverage purchases. We reverse the commission and hold that Westwood is subject to the sales tax on its purchases of food and beverages for consumption by its members and their guests.

By state regulation, sales tax is due on such purchases: "If a club does not regularly serve food and beverages to the public, other than its members and their guests, and the club acts as a cooperative association for the benefit of its members,[1]

1. Country clubs "exist only for the benefit of their members, many of whom undoubtedly consider the opportunity to entertain guests to be important for social or business reasons"

the club has the option of either collecting and remitting sales tax on its sales to members and guests or *paying sales tax on the club's purchases of food and beverages* (see section 144.020.1(6), RSMo)." 12 CSR 10–3.048(7) (1998)(emphasis added).[2] The portion of the regulation giving the club the option to collect the tax on sales to members and their guests is no longer operative. *Greenbriar Hills*, 935 S.W.2d at 38. However, the regulation does recognize that food purchased by the club for serving its members and guests is subject to tax at some point. Here, Westwood must pay sales tax on its purchases of food and beverages. In *Greenbriar Hills*, this sales tax on the country club's purchases of food and beverages was properly due and paid. 935 S.W.2d at 37.

■ Westwood here claims the benefit of two statutory provisions: (1) that its purchases were for resale, and (2) that its purchases were of materials used in processing goods into new personal property to be sold for final use or consumption. The first is an exclusion, and as in *Greenbriar Hills*, the question is whether, by ordinary principles of statutory construction, the sales tax law excludes from its definitions the transactions involved here. The second point claims the benefit of a specific statutory exemption. Exemptions from taxation are to be strictly construed, *State ex rel. Transp. Mfg. & Equip. Co. v. Bates*, 359 Mo. 1002, 224 S.W.2d 996, 1000 (banc 1949), and, as such, it is the burden of the taxpayer claiming the exemption to show that it fits the statutory language exactly.

### (1) Goods Purchased for Resale

Westwood argues that the club merely purchased the food and beverages for re-

sale and its purchases were not subject to tax, under *McDonnell Douglas Corp. v. Director of Revenue*, 945 S.W.2d 437 (Mo. banc 1997), because section 144.010(9)[3] excludes from taxation goods to be resold at retail. *Dean Machinery Co. v. Director of Revenue*, 918 S.W.2d 244, 245–246 (Mo. banc 1996).

Westwood's members are excluded from paying sales tax on food and meals under *Greenbriar Hills*. 935 S.W.2d at 38. The outcome in *Greenbriar Hills* was predicated on the maxim of *expressio unius est exclusio alterius*;[4] since the statute imposed a tax on meals and beverages served at eateries open to the public, those that did not regularly serve the public were excluded by negative implication. Section 144.010.1(9) broadly defines "sales at retail" of tangible personal property for use or consumption but excludes such property that is for "resale." However, since Westwood's service of food and beverage is not a sale at retail, Westwood's purchases do not fit the exclusion. Westwood's purchases are thus subject to the sales tax.

The dissent questions why this case is not governed by *McDonnell Douglas*. *McDonnell Douglas* addresses exemptions from use tax. 945 S.W.2d at 439–440. The statutory exemption for a sale to the federal government specifically classifies the sale as a "retail sale which the state of Missouri is prohibited from taxing pursuant to the Constitution or laws of the United States." Section 144.030.1. Where aircraft are sold to non-exempt entities, of course, a sales or use tax is to be collected on the sale of the final product. *Director of Revenue v. Superior Aircraft Leasing Co., Inc.*, 734 S.W.2d 504–505, 507–508

and are subject to taxation under sections 144.010 and 144.020, RSMo. *St. Louis Country Club v. Administrative Hearing Comm'n*, 657 S.W.2d 614, 618–19 (Mo. banc 1983).

2. The regulation of course cannot be broader than the statutory language. *Hearst Corp. v. Director of Revenue*, 779 S.W.2d 557, 558–559 (Mo. banc 1989).

3. All citations are to RSMo Supp.1998 unless otherwise indicated.

4. "Mention of one thing implies exclusion of another." BLACK'S LAW DICTIONARY 581 (6th ed.1990).

(Mo. banc 1987).[5] Here, however, there is no sale at retail, as *Greenbriar Hills* holds. 935 S.W.2d at 38. The exclusion of goods for resale is contained in section 144.010.1(9), which defines "sale at retail." Put simply, there must be a "sale at retail" in order for the "resale" exclusion of that section to apply.

### (2) Component or Ingredient Materials Used in Making New Goods

Westwood further argues that its food and drink purchases are exempt under section 144.030.2(2). The statute exempts component or ingredient materials used in the "manufacturing, processing, compounding, mining, producing or fabricating" of goods into "new personal property ... intended to be sold ultimately for final use or consumption." The commission determined that Westwood was engaged in the process of converting raw foodstuffs into the final product of meals and drinks and applied *Al–Tom Inv., Inc. v. Director of Revenue*, 774 S.W.2d 131 (Mo. banc 1989). *Al–Tom* involved an attempt to tax owners of Kentucky Fried Chicken franchises on the portion of oil not consumed in the frying of chicken and other foods. *Id.* at 131. "[I]f any part of a material is intended to and does remain as an essential or necessary element of the finished product then the entire purchase is exempt." *Id.* at 134. Since the cooking oil was made an essential part of the fried foods, it was exempt from sales taxation. *Id.* at 135.

*Al–Tom* is distinguishable. As restaurants regularly open to the public, the Kentucky Fried Chicken franchises engage in "sales at retail" of food and beverages. Sections 144.010.1(9), 144.020.1(6). Westwood does not charge sales tax on meals and beverages it serves to members or their guests because there is no "sale at retail." *Greenbriar Hills*, 935 S.W.2d at 38. *Al–Tom* avoids double taxation. Westwood wants the same principle to avoid being taxed even once.

■ The purpose of Missouri's sales tax system is to tax property once and not at various stages in the stream of commerce. *Dean Machinery*, 918 S.W.2d at 245–46. Westwood, as a private club not open to the public, does not engage in sales at retail and, thus, does not charge members and guests sales tax on meals and beverages served to them. Westwood must, however, pay sales tax on its purchases of food and beverages.

The decision of the commission determining Westwood owed no sales tax on its purchases of food and beverages for members' consumption is reversed.

### *Taxation of Golf Cart Fees*

■ The commission determined that Westwood owed no sales tax on fees it charged for golf cart usage because Westwood previously paid sales tax on its purchases and leases of the carts. We agree and affirm this determination.

Section 144.020.1(8) imposes a tax on fees charged for the rental or lease[6] of personal property unless the property was purchased under "sale at retail" conditions or sales taxes were previously paid by the renter or seller on the original purchase or lease of the property. The commission

---

**5.** In *Superior Aircraft Leasing Co.*, this Court held that a plane purchased in Kansas and used in Missouri was subject to use taxes. Use taxes are complementary to sales taxes and are designed to levy a tax "on the privilege of using within the taxing state property purchased outside the state, if the property would have been subject to the sales tax had it been purchased at home." *Id.* at 505.

**6.** Both parties invite us to determine whether the fees charged by Westwood were for a rental of or license to use golf carts. The fees

paid for the use of a golf cart are similar to fees paid for dining at Westwood—dues paid by the club's members cover the purchase, maintenance and use of golf carts. For the purposes of this opinion, we only hold that the golf cart fees were sufficient to qualify for treatment under section 144.020.1(8) in that ambiguities in statutes imposing taxes are to be resolved in the taxpayer's favor. *Old Warson Country Club v. Director of Revenue*, 933 S.W.2d 400, 403 (Mo. banc 1996).

determined that Westwood paid sales tax on its purchases or leases of golf carts. Therefore, under section 144.020.1(8), Westwood did not have to charge a sales tax on subsequent cart rentals to its members. The director urges that section 144.020.1(2) should be applied to the controversy. Section 144.020.1(2) imposes a sales tax on amounts paid for admission or fees paid to "any place of amusement, entertainment or recreation...." Fees paid to a country club are considered fees paid to a "place of amusement, entertainment or recreation." *Old Warson Country Club v. Director of Revenue*, 933 S.W.2d 400, 403 (Mo. banc 1996). We, however, find that section 144.020.1(8) is a more specific statute than section 144.020.1(2) in that it expressly deals with the lease or rental of personal property upon which sales tax has already been paid. Since we apply a more specific statute over a more general statute when both address the same issue, we apply section 144.020.1(8) to the controversy. *Greenbriar Hills*, 935 S.W.2d at 38.

■ Missouri's sales tax laws were designed to impose a tax on the retail sale or lease of personal property. *Dean Machinery*, 918 S.W.2d at 245. Since Westwood paid a sales tax on the golf carts when it purchased or leased them, the goal of taxing the purchase once and only once has been met. *Id.* at 246.

The commission's decision denying taxation of food and beverage purchases is reversed; its decision that no tax is owed on golf cart fees is affirmed. The case is remanded.

PRICE, C.J., WHITE, HOLSTEIN AND BENTON, JJ., concur; LIMBAUGH, J., concurs in part and dissents in part in separate opinion filed; COVINGTON, J., concurs in opinion of LIMBAUGH, J.

STEPHEN N. LIMBAUGH, Jr., Judge, concurring in part and dissenting in part.

I concur in that part of the majority opinion pertaining to the taxation of golf cart fees, but I dissent from the ruling pertaining to the taxation of purchases of food.

In *Greenbriar Hills Country Club v. Director of Revenue*, 935 S.W.2d 36 (Mo. banc 1996), this Court determined that no sales tax was due on food and drink purchases by the club's members and guests. As this Court explained, the statute imposing tax on sales for meals or drinks – section 144.020.1(6), RSMo 1994, – refers only to meals or drinks "regularly served to the public," [1] and by negative inference, meals or drinks that are not regularly served to the public, such as those served at the Greenbriar Hills Country Club, are not subject to tax. *Greenbriar Hills Country Club*, 935 S.W.2d at 38.

Westwood now contends, and the Administrative Hearing Commission agrees, that its initial purchases of food and drink from its suppliers also escape taxation by virtue of the "sale for resale" exclusion or the "component part or ingredient" exemption. The sale for resale exclusion is derived from the text of the statutory definition of "sale at retail" in section 144.010(9), which states:

'Sale at retail' means any transfer made by any person engaged in business as defined herein of the ownership of, or title to, tangible personal property to the purchaser, for use or consumption and

1. The statute states:

1. A tax is hereby levied and imposed upon all sellers for the privilege of engaging in the business of selling tangible personal property or rendering taxable service at retail in this state. The rate of tax shall be as follows: ...

(6) A tax equivalent to four percent on the amount of sales or charges for all rooms, meals and drinks furnished at any hotel, motel, tavern, inn, restaurant, eating house, drugstore, dining car, tourist cabin, tourist camp or other place in which rooms, meals or drinks are regularly served to the public;

*not for resale* in any form as tangible personal property....

(Emphasis added.) A "sale at retail," which is by this definition a sale "not for resale," is subject to tax under section 144.020.1 (see footnote one), and by implication, a sale for resale is excluded from tax. *See Brambles Indus., Inc. v. Director of Revenue*, 981 S.W.2d 568, 570 (Mo. banc 1998).

The "component part or ingredient" exemption is set out in section 144.030.2(2), which states:

There are also specifically exempted from the provisions of the local sales tax law ...

(2) Materials, manufactured goods, machinery and parts which when used in manufacturing, processing, compounding, mining, producing or fabricating become a component part or ingredient of the new personal property resulting from such manufacturing, processing, compounding, mining, producing or fabricating and which new personal property is intended to be sold ultimately for final use or consumption....

Westwood's theory under the sale for resale exclusion is that its purchases of certain items of food and drink, such as bags of potato chips that are in their final form for consumption, are purchased "for resale" to its members and guests. Similarly, Westwood's theory under the component part or ingredient exemption is that the balance of its purchases of food and drink become component ingredients that are processed into meals sold ultimately for final consumption to its members and guests.

The majority maintains that the sale for resale exclusion and the component part or ingredient exemption do not apply because "[t]he purpose of Missouri's sales tax system is to tax property once and not at various *stages in the stream of commerce.*" As the majority explains, because the final transactions of food and drink sales from Westwood to its members are not subject to tax under *Greenbriar Hills,* then the initial transactions between the suppliers and Westwood must be taxed instead. On the other hand, both the majority and the Director seem to agree that the sale for resale exclusion and the component part or ingredient exemption would indeed apply to the initial food and drink sales between Westwood and its suppliers if the final food and drink sales between Westwood and its members were taxed.

Although it is true that the sales tax system is designed generally to subject transactions to sales tax at some point in the stream of commerce, there is no statutory requirement that resales actually be taxable in order for the sale for resale exclusion to apply. Nor is there a statutory requirement that new products made from exempt component ingredients ultimately be sold in a taxable transaction in order for the component part or ingredient exemption to apply. Indeed, the legislature has often seen fit to exempt certain kinds of transactions, or certain kinds of products, from sales tax throughout the entire stream of commerce. For example, in *McDonnell Douglas Corp. v. Director of Revenue*, 945 S.W.2d 437 (Mo. banc 1997), the sale for resale exclusion applied on McDonnell Douglas' purchases of certain materials even though the resale of those materials was to an exempt entity – the federal government – so that no tax was imposed on either of the transactions. In fact, section 144.030.2 sets out 36 categories of exemptions for transactions and products that similarly will avoid taxation throughout the entire stream of commerce. In each instance, sales tax is avoided by application of the sale for resale exclusion in tandem with a resale that is exempt from tax. Although this case involves a resale that is excluded from tax rather than exempted from tax, there is no basis to distinguish between the two.

Ultimately, the imposition of sales tax depends on the words of the statutes, not on this Court's perception of the general purpose of the sales tax system. As noted,

the resale exclusion is based on the words of section 144.010(9) so that a sale at retail – one that is "not for resale" – is taxable, and consequently, a sale for resale is not. Because many of the food and drink purchases by Westwood are undeniably for resale to its members, they are not sales at retail subject to tax. The exclusion is unqualified and applies whether or not the resale to the club members is subject to tax. However, the majority rewrites the statute so that the operative words of the exclusion are changed from "sale for resale" to "sale for resale except where the resale qualifies for an exclusion from tax." Only in this way can the majority avoid the sale for resale exclusion.

The majority rewrites the component part or ingredient exemption the same way. The statute refers to "Materials . . . [that] become a component part or ingredient of the new personal property . . . which . . . is intended to be sold ultimately for final use or consumption. . . ." Sec. 144.030.2(2). Those food purchases by Westwood that become the component parts or ingredients for meals sold ultimately to the members for their consumption are exempt from tax. Again, the statute is unqualified and applies whether or not the sale for final use or consumption is taxable. Nonetheless, the majority has apparently determined that the words "sold ultimately for final use or consumption" mean "sold ultimately for final use or consumption except where the ultimate sale qualifies for an exclusion from tax."

I am at a loss to understand the majority's attempt to distinguish exclusions, such as that noted in *Greenbriar Hills,* from exemptions, such as those in *McDonnell Douglas* and section 144.030, as if the sale for resale exclusion applies to non-taxable resales only when those resales qualify for exemptions. By the words of the statute, however, the sale for resale exclusion does not depend on the characterization of the resale as an exclusion or an exemption, or even as a taxable or non-taxable transaction. As noted, the sale for resale exclu-

sion is unqualified and applies across the board, and therefore, the majority's attempt to distinguish between the exemptions and exclusions is irrelevant.

I would affirm the decision of the Administrative Hearing Commission on all issues.