**KANSAS CITY ROYALS BASEBALL CORPORATION, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**No. SC 82554.**

Supreme Court of Missouri, En Banc.

Dec. 5, 2000.

---

Edward F. Downey, Jefferson City, John P. Barrie, B. Derek Rose, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ronald Molteni, Asst. Atty. Gen., Jefferson City, for Respondent.

PETITION FOR REVIEW OF A DECI-
SION OF THE ADMINISTRATIVE
HEARING COMMISSION

COVINGTON, Judge.

The Kansas City Royals Baseball Corporation (the corporation) seeks review of the decision of the Administrative Hearing Commission (AHC) that the corporation is not entitled to a refund of use tax paid on certain promotional items and Kansas City Royals yearbooks. The AHC held that the corporation was not entitled to any exclusion or exemption from use tax pursuant to sections 144.605(13), RSMo 1994, or 144.615(6), RSMo 1994, on either the promotional items or the yearbooks. The decision of the AHC is reversed in part and affirmed in part, and the cause is remanded.

■ The facts of this case are undisputed. The corporation owns and operates the Kansas City Royals, a major league baseball team. The team plays its home games at Kauffman Stadium in Kansas City. The corporation charges for admission to Royals games and collects and remits Missouri sales tax on the admission receipts. Some of the Royals home games are designated as promotional events. At these events, fans who pay to attend the game may receive promotional items for no additional charge. The items include baseball caps, trading cards, baseball gloves, batting gloves, and T-shirts. The yearbooks are sold at concession stands located throughout Kauffman Stadium.

The corporation covers its expenses, including the cost of promotional items, us-

ing money from its general revenue fund, not from a specific fund. In setting ticket prices, the corporation considers all of the costs associated with its operations. For this reason, the ticket prices do not vary from game to game, although expenses, such as the cost of promotional items, do vary.

The Director of Revenue (director) claimed that pursuant to section 144.610, RSMo 1994, the corporation was required to pay use tax on the promotional items, which were purchased by the corporation from out-of-state vendors. The corporation remitted $45,416.29 in use tax on the promotional item purchases for the taxable periods of January 1995 through December 1997. The corporation also remitted $2,650.13 in use tax on Royals team yearbooks, which were purchased from out-of-state vendors in 1996.

On May 4, 1998, the corporation submitted a claim for a refund of use tax that the corporation paid to the director on the promotional items and yearbooks. On November 16, 1998, the director issued a final decision denying the refund claim. The parties then filed cross-motions for summary determination with the AHC. The AHC determined that the corporation was not entitled to a refund of use tax paid on the promotional items and yearbooks. The AHC's determinations on this issue will be upheld if they are "authorized by law and supported by competent and substantial evidence upon the whole record." Sec. 621.193, RSMo 1994; *Bolivar Rd. News, Inc. v. Dir. of Revenue*, 13 S.W.3d 297 (Mo. banc 2000).

Section 144.610 imposes a tax "for the privilege of storing, using or consuming within this state any article of tangible personal property." The sale of such property in the regular course of business is excluded, however, from the definition of "use" and, therefore, from use tax. Sec. 144.605(13). Tangible personal property "held ... solely for resale in the regular course of business" is also exempted from the use tax provision. Sec. 144.615(6). To determine whether there has been a resale, a court must find that there has been (1) a transfer, barter, or exchange (2) of the title or ownership of tangible personal property or the right to use, store, or consume the same (3) for consideration paid. Sec. 144.605(7), RSMo 1994; *Aladdin's Castle, Inc. v. Dir. of Revenue*, 916 S.W.2d 196, 198 (Mo. banc 1996).

There is no question that a transfer or exchange of title to tangible personal property has occurred in this case. The decisive issue, therefore, is whether paying attendees who receive the promotional items and yearbooks have paid consideration to the corporation for the exchange.

This Court has repeatedly considered the question of whether consideration has passed from one party to another so as to come within the meaning of a section 144.615(6) resale. This line of cases began with *King v. National Super Markets, Inc.*, 653 S.W.2d 220, 221–22 (Mo. banc 1983), in which this Court decided that National Super Markets was not obligated to pay use tax on paper bags because National's customers were paying an increased price for their groceries in exchange for the quantity of bags used to hold their purchases. Because National included the cost of the paper bags in the price charged for their groceries, consideration moved from the customers to National. *Id.* Similarly, in *Sipco, Inc. v. Director of Revenue*, 875 S.W.2d 539, 542 (Mo. banc 1994), this Court found that Sipco was not subject to use tax with respect to dry ice included with pork products because the value of the ice was factored into the consideration paid for the pork. In *Aladdin's Castle*, this Court determined that Aladdin's Castle was not liable for use tax on prizes that were given to customers who won tickets by playing games. *Aladdin's Castle*, 916 S.W.2d at 198. Customers could play the games only by purchasing and using tokens. *Id.* Because the cost of the prizes was factored into the cost of the tokens, consideration had been paid to Aladdin's Castle. *Id.* In *Dean Machinery*

*Co. v. Director of Revenue,* 918 S.W.2d 244, 246 (Mo. banc 1996), this Court held that Dean did not have to pay sales tax on "rework parts," parts used to repair machinery damaged by Dean. Although Dean completed repairs using rework parts at no additional charge, the cost of rework parts was factored into the cost of new parts, for which the customer had originally been charged. *Id.* This Court found, therefore, that consideration had been paid to Dean. *Id.*

These cases effectively determine the outcome of the instant case, at least with respect to the promotional items. Although the promotional items are ostensibly given away, the cost of purchasing those items is factored into the price charged for each ticket of admission to a Royals game. This is sufficient consideration to find that a resale has occurred and that the corporation, therefore, owes no use tax on the promotional items.[1] It does not matter that not every paying attendee receives a promotional item. *See Aladdin's Castle,* 916 S.W.2d at 198. Nor does it matter that sponsors sometimes pay the corporation to have their logos displayed on promotional items; the occasional payment by sponsors does not defeat the fact that the three statutory requirements have been met. In this case, as in past cases, there is a direct connection between the ticket price charged to paid attendees who received the promotional items and the promotional items themselves.

■ With respect to the Royals yearbooks, the AHC decided that the corporation was not entitled to a refund of use tax paid on the yearbooks because the corporation had failed to comply with the requirements of section 144.190.3, RSMo 1994. That statute demands that "[e]very

claim for refund must . . . state the specific grounds upon which the claim is founded." This requirement, because it is a narrow waiver of the state's sovereign immunity, has been read to require that "the Director of Revenue be apprised of the grounds for the taxpayer's claimed refund in a manner which allows him to make a meaningful determination of the issues presented by the taxpayers." *Matteson v. Dir. of Revenue,* 909 S.W.2d 356, 360 (Mo. banc 1995).

The AHC's holding regarding the corporation's failure to satisfy the statutory refund requirements with respect to the yearbooks is supported by substantial evidence. The corporation submitted an application for tax refund/credit form and attached to it a four-page letter concerning the section 144.615(6) resale exemption and relevant case law. The letter, although it mentions "incentive items" nine times, and mentions "additional documentation . . . in the form of spreadsheets, which contain the details of the use tax paid on purchases of *incentive items*[2]," never mentions the Royals yearbooks. The yearbooks are mentioned only on one line of a twenty-eight line spreadsheet included with the application request. The yearbooks are not differentiated in any way from other items on the spreadsheet, which were not sold at concession stands. Given these facts, it cannot be said that the director could make a meaningful determination of the issues presented by the corporation. The AHC correctly decided that the corporation was not entitled to a refund of use tax paid on the yearbooks.

In sum, the corporation is entitled to a refund of use tax paid on the promotional items, because the items are resold to paid attendees of Royals games. The corpora-

---

1. Much of the director's argument to the contrary focuses on the fact that some Royals fans attend the game using free passes yet still receive the promotional items. The director's contention that fans who attend a game using a free pass cannot have paid consideration for the items is not germane because the corporation, before the AHC, amended its refund request to encompass only those promotional items that were given to paid attendees of Royals games. The AHC, in its statement of facts, adopted the corporation's calculations regarding the new sum requested to be refunded.

2. (emphasis added).

tion is not, however, entitled to a refund of use tax paid on the yearbooks, because it did not apprise the director of its specific claim with respect to the yearbooks.

The decision of the AHC is reversed in part and affirmed in part, and the cause is remanded.

All concur.