PEARL DAVIS HURT, S. P. RAIDT and J. R. DAVIS, JR., v. ETHEL S. EDWARDS, W. S. EDWARDS and W. S. EDWARDS, JR., Appellants.— 148 S. W. (2d) 542.

Division One, March 13, 1941.

*Sharp & Sharp* for appellants.

*Ashby & Banta* for respondents.

HYDE, C.—This action is called a suit to quiet title. However, the title to all of the land involved herein was determined as between the parties hereto (or their grantors) by a decree entered in accordance with the mandate of this court in Davis v. Stevens, 344 Mo. 24, 124 S. W. (2d) 1132. The prayer of the petition herein seeks a judgment for possession (as well as a determination of the title), which perhaps may have been the real reason for bringing this suit. Defendants' answer sought as affirmative relief an adjudication that the title was in defendant Ethel S. Edwards. The judgment herein made the same determination as to title (except as to the Drainage District which had conveyed its interest to plaintiff Pearl Davis Hurt, as to which deed defendants asked cancellation as a cloud on title) as was made in the decree in Davis v. Stevens, supra, as directed in our mandate, and awarded possession to plaintiff Pearl Davis Hurt. Defendants have appealed from this judgment.

The circuit court, in its new decree (in Davis v. Stevens) entered in accordance with the mandate of this court, adjudged the interests of each of the parties to be as we therein directed. The court also therein adjudged that the interest of the drainage district was "subject to a lien of $862.26 in favor of Ethel S. Edwards, for taxes and improvements, as directed by the Supreme Court, less rents collected by the said Ethel S. Edwards, which the court finds after hearing evidence to be $1760.67, less said sum of $862.26, also interest of $237.05, also certain expenses of $306.50, making a total of $1405.81, leaving a balance of $352.86, which court finds due St. John Drainage and Levee District." The adjudication as to this lien was authorized by and in accordance with our ruling in Davis v. Stevens, supra, in which we held that "the interest of the Drainage District, as the trial court found, is subject to a lien in favor of Ethel S. Edwards for the sum of $862.26 for taxes paid on said lands and improvements, *less such rents as may have been collected by her.*"

Defendant, Ethel S. Edwards (hereinafter referred to as defendant), in her answer in this case, relies upon the provision in the original decree (reversed and remanded with directions in Davis v. Stevens, supra) "that defendant Ethel S. Edwards was entitled to receive the sum of $862.26 for taxes paid by her *less rents collected by her,* said amount to constitute a lien on the interest of the Drainage

District in said lands and if not paid within thirty days, then its interest to be vested in Ethel S. Edwards.'' Defendant's answer also stated that the Drainage District held title, to the land involved, in trust for a bondholders' committee, under an agreement set up in the answer herein; that this trust was known to plaintiffs; that the conveyance by the drainage district was unauthorized and subject to the trust; and that because of the provision in the former decree (about vesting title in defendant if her lien for taxes paid was ''not within thirty days'') defendant became the owner of the title held by the drainage district, with the consent of the beneficiary of the trust. (Defendant's position is that the beneficiary, the bondholders' committee, acquiesced in title being vested under the original decree by refusing to put up the money to pay off her lien.) Defendant says that ''the judgment of the circuit court in the case of Davis v. Stevens remained in full force and effect as to the St. John Levee and Drainage District, which did not perfect its appeal therefrom;'' and that ''in this case, the beneficiary of the trust who, under the contract, had the exclusive disposition of the property, had acquiesced in the decree vesting the title in Mrs. Edwards because of non-payment of $862.26.''

These contentions cannot be sustained for the following reasons:

First: The original decree (which this court reversed in Davis v. Stevens) undertook to enforce an equitable lien by a forfeiture. We know of no authority (and defendant cites none) for any court to declare a forfeiture as method of enforcement of an equitable lien. The way to enforce an equitable lien is foreclosure by sale under court order. [37 C. J., 340, sec. 65; 17 R. C. L. 614, sec. 27; see also Forfeitures, 23 Am. Jur. 598-621.] A provision in a decree for an unauthorized forfeiture would be *coram non judice* and void. [See Smith v. Holdoway Const. Co., 344 Mo. 862, 129 S. W. (2d) 894, l. c. 903.] This was, in effect at least, the ruling of this court in Davis v. Stevens when it reversed the original decree so providing and ordered another decree entered without such provision and with directions requiring an accounting to determine the amount of this lien for taxes paid.

Second: This lien for taxes paid has been fully paid and discharged. This is true because the new decree ordered to be entered by the mandate of this court in Davis v. Stevens, provided a specific method for payment (in part or wholly) and discharge, in its direction to credit upon this lien for taxes paid ''such rents as may have been collected.'' The provision for crediting ''rents collected by her'' was also contained in the original decree. Therefore, an accounting was necessary, even under it, to determine the amount of defendant's lien. Certainly not even under this original decree would the drainage district be required to pay it until the amount to be paid was determined. Defendant's only remedy to question the finding in

the new final decree on this accounting to the effect that the lien was thereby paid and discharged (by collection of rents in excess of the amount of the lien for taxes paid, expenses, and interest) was to appeal from this new part of this new final decree.

Third: Defendant filed no motion for rehearing or to modify our opinion, or the directions therein given for a new decree, in the case of Davis v. Stevens. The power of this court "to amend or modify the opinion ceases with the end of the term" in which our decision is handed down if no such motion is filed. [Prasse v. Prasse, 342 Mo. 388, 115 S. W. (2d) 807.] Certainly, a decree entered in accordance therewith cannot be collaterally attacked in a new proceeding later commenced in the circuit circuit.

The judgment is affirmed. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.