SIX FLAGS THEME PARKS,
INC., Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. SC 86519.

Supreme Court of Missouri,
En Banc.

Nov. 22, 2005.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., James R. Layton, State Solicitor, Jefferson City, for Appellant.

Edward F. Downey, Jefferson City, for Respondent.

WILLIAM RAY PRICE, JR., Judge.

### Petition for Review

### I.

The Director of Revenue (Director) seeks review of the decision of the Administrative Hearing Commission (AHC) granting a refund of sales tax paid on fees collected by Six Flags Theme Parks, Inc. (Six Flags) on the rental of inner tubes.

1. All statutory references are to RSMo 2000.

The inner tube rentals are not subject to Missouri sales tax, pursuant to Section 144.020.1(8),[1] because sales or use tax was paid on the purchase of the inner tubes before they were rented to patrons. The AHC's decision is affirmed.

### II.

Six Flags is a Delaware corporation that operates a theme park ("the park") in Eureka, Missouri. The park is a place of amusement containing rides, such as roller coasters and ferris wheels, and a water park area ("the water park"). Various rides in the water park require the use of an inner tube. Six Flags provides inner tubes for no charge at each ride for which an inner tube is required.

The water park also contains a wave pool. Patrons can, and often do, use the wave pool without an inner tube. Patrons may rent an inner tube for use in the wave pool. The free inner tubes and the rental inner tubes are the same, except in color.

Free inner tubes cannot be taken to the wave pool, but the rented inner tubes can be used on the rides that require an inner tube. Patrons using rented inner tubes on these other rides can avoid waiting in line to obtain a free inner tube.

Six Flags paid sales or use tax on all of its purchases of inner tubes used at the water park. Six Flags also paid sales or use tax on the fees charged for inner tube rentals during the period from June 2000 through September 2000. Six Flags filed a claim for a refund of the Missouri taxes paid on these rental fees pursuant to the double taxation avoidance provision of Section 144.020.1(8). The Director issued a final decision denying Six Flags' claim for a refund. The AHC reversed the Director's decision and granted a refund, relying on this Court's decisions in *Six Flags*

*Theme Parks, Inc. v. Director of Revenue,* 102 S.W.3d 526 (Mo. banc 2003), and *Westwood Country Club v. Director of Revenue,* 6 S.W.3d 885 (Mo. banc 1999). The Director appeals.

### III.

■ "This Court has jurisdiction pursuant to Mo. Const. art. V, section 3 and reviews the AHC's interpretation of revenue law *de novo.*" *Southwestern Bell v. Director of Revenue,* 94 S.W.3d 388, 390 (Mo. banc 2002) (citations omitted). "This Court will uphold the AHC's decision if authorized by law and supported by competent and substantial evidence upon the whole record." *Id.* (internal quotations omitted).

### IV.

■ Two statutes apply to this dispute. Section 144.020.1(2) levies "[a] tax equivalent to four percent of the amount paid for admission and seating accommodations, or fees paid to, or in any place of amusement." Section 144.020.1(8) levies:

A tax equivalent to four percent of the amount paid or charged for rental or lease of tangible personal property, provided that if the lessor or renter of any tangible personal property had previously purchased the property under the conditions of "sale at retail" as defined in subdivision (8) of section 144.010 or leased or rented the property and the tax was paid at the time of purchase, lease or rental, the lessor, sublessor, renter or subrenter shall not apply or collect the tax on the subsequent lease, sublease, rental or subrental from that property.

The goal of statutory construction is to give effect to the legislature's intent. *Corvera Abatement Technologies v. Air Conservation Commission,* 973 S.W.2d 851, 858 (Mo. banc 1998). When statutory language is "clear, unambiguous, and admits of only one meaning, there is no room for construction." *Id.*

The plain, simple, and unambiguous terms of section 144.020.1(2), when read in isolation, would impose a tax upon the inner tube rentals, while the plain, simple, and unambiguous terms of section 144.020.1(8), when read in isolation, would not. This Court has previously addressed the interaction of these two sections for rentals or leases of property in places of amusement in *Six Flags Theme Parks, Inc. v. Director of Revenue,* 102 S.W.3d 526 (Mo. banc 2003), and *Westwood Country Club v. Director of Revenue,* 6 S.W.3d 885 (Mo. banc 1999). These cases hold "that section 144.020.1(8) is a more specific statute than section 144.020.1(2)," thus section 144.020.1(8) controls the situation when it is applicable. *Westwood Country Club,* 6 S.W.3d at 889; *see also Six Flags Theme Parks,* 102 S.W.3d at 529. A separate, but equally compelling rational that "the goal of taxing the property only once is met by not taxing the subsequent rental to customers" was also expressed. *Id.* at 530. This reading harmonizes the two sections and we reaffirm the holdings of these two cases.

### V.

*Blue Springs Bowl v. Spradling,* 551 S.W.2d 596 (Mo. banc 1977), and *Eighty Hundred Clayton Corp., d/b/a Tropicana Lanes v. Director of Revenue,* 111 S.W.3d 409 (Mo. banc 2003) [hereinafter *Tropicana Lanes*], while similar, do not control this controversy. *Blue Springs Bowl* merely held that the "fees or charges paid for participating in the activity of bowling at a commercial bowling establishment" were included in the statutory language of section 144.020.1(2). 551 S.W.2d at 597, 602. The decision did not address the

applicability of 144.020.1(8) to the rental of personal property.

*Tropicana Lanes*, refused to overrule *Westwood Country Club* and its progeny. It merely held that the doctrine of *stare decisis* required the application of *Blue Springs Bowl* to a controversy involving bowling shoes. 111 S.W.3d at 410–11. *Tropicana Lanes* is somewhat inconsistent with the cases that considered section 144.020.1(8). *Westwood Country Club* holds that fees paid to rent golf carts are not taxable and *Six Flags Theme Parks* holds that fees paid to rent arcade machines are not taxable. To some extent, fees charged for bowling shoes may be distinguished from fees charged for the rental of golf carts, arcade machines, or inner tubes. Bowling shoes are required to bowl. *Id.* at 410. Bowling shoes can also be brought from home, rather than rented from the bowling alley. *Id.* Golf carts are not required to play golf; arcade machines are not required to visit the Six Flags Theme Park; inner tubes are not required for the wave pool in Six Flags' water park. *Tropicana Lanes* should be restricted to its facts.

## VI.

The Director makes three other arguments, which we will address in turn.

## A.

▇▇▇ The Director argues that the use of these inner tubes was not a "rental or lease." Webster's provides that "rent" means "a piece of property that the owner allows another to use in exchange for a payment in services, kind or money." Webster's *Third New International Dictionary* 1923 (3d ed.1981). The Director argues that patrons did not obtain sufficient "use" to constitute a lease, because patrons did not obtain complete control over the inner tubes.[2]

The fact that patrons could not remove the inner tubes from the water park or engage in any activity that they please with the rental inner tubes does not preclude a finding that they were rented. Patrons in *Six Flags Theme Parks* could not take the arcade games home with them, nor could guests of the golf course in *Westwood Country Club* drive their rented golf carts into the dining room of the country club. The patrons in all three of these controversies had sufficient possession, control, and use of the *rented* tangible personal property for which they paid a fee to constitute a rental or a lease.

## B.

▇▇▇ The Director argues that the "Boat and Outboard Motor" exception to section 144.020.1(8) shows a legislative intent that only boats and outboard motors be precluded from taxation under section 144.020.1(8). The Director's argument is misguided, the "Boat and Outboard Motor" exception provides that:

> In no event shall the rental or lease of boats and outboard motors be considered a sale, charge, or fee to, for or in places of amusement, entertainment or recreation nor shall any such rental or lease be subject to any tax imposed to, for, or in such places of amusement, entertainment or recreation. Rental and leased boats or outboard motors shall be taxed under the provisions of the sales tax laws as provided under such laws for motor vehicles and trailers.

This is not a situation for use of the maxim *expressio unius est exclusio* (or omissions shall be understood as exclusions), for that

---

2. The Director's argument focuses on the fact that patrons could not remove the inner tubes from the water park or use them on certain rides in the water park.

maxim "is to be used with great caution." *Pippins v. City of St. Louis,* 823 S.W.2d 131, 133 (Mo.App.1992). The maxim should be invoked only when it would be natural to assume by a strong contrast that that which is omitted must have been intended for the opposite treatment. *Springfield City Water Co. v. City of Springfield,* 353 Mo. 445, 182 S.W.2d 613, 618 (1944). The "Boat and Outboard Motor" exception is merely intended to be sure that boats and outboard motors are taxed under the "laws for motor vehicles and trailers." Section 144.020.1(8). The strong inference needed for the maxim *expressio unius est exclusio* is not present.

## C.

■ Finally, the Director argues that Six Flags is not entitled to the refunded tax money because it was ultimately charged to its patrons. However, Missouri's statutory scheme places the burden of remitting taxes to the Director on the seller. Section 144.021. Furthermore, we have long recognized the right of the seller to refunded tax money, even if the taxes were paid by the seller's patrons. *See e.g., Shelter Mutual Insurance Co. v. Director of Revenue,* 107 S.W.3d 919 (Mo. banc 2003); *Buchholz Mortuaries, Inc. v. Director of Revenue,* 113 S.W.3d 192 (Mo. banc 2003); *Galamet, Inc. v. Director of Revenue,* 915 S.W.2d 331 (Mo. banc 1996). Any change in this scheme is for the legislature to make, not the courts.

## VII.

For the foregoing reasons, the decision and judgement of the AHC is affirmed.

TEITELMAN, RUSSELL and WHITE, JJ., concur: LIMBAUGH, J., concurs in separate opinion filed.

1. All statutory references are to RSMo 2000.

LAURA DENVIR STITH, J., dissents in separate opinion filed; WOLFF, C.J., concurs in opinion of LAURA DENVIR STITH, J.

STEPHEN N. LIMBAUGH, JR., Judge, concurring.

I concur in the outcome of the majority opinion and in all the analysis except that part that attempts to distinguish *Eighty Hundred Clayton Corp., d/b/a Tropicana Lanes v. Director of Revenue,* 111 S.W.3d 409 (Mo. banc 2003). I dissented in that case because I saw no principled distinction between the rental of bowling shoes in that case from the rental of golf carts in *Westwood Country Club v. Director of Revenue,* 6 S.W.3d 885 (Mo. banc 1999). Nor, for that matter, do I see any distinction between the rental of bowling shoes and the rental of arcade games in *Six Flags Theme Parks, Inc. v. Director of Revenue,* 102 S.W.3d 526 (Mo. banc 2003). The case at hand is no different: there is no way to distinguish between the rental of inner tubes from the rental of bowling shoes, golf carts, or video games.

LAURA DENVIR STITH, Judge, dissenting.

I would reverse the decision of the Administrative Hearing Commission (AHC) granting a refund of sales tax paid on fees collected by Six Flags Theme Parks, Inc. (Six Flags) on the rental of inner tubes. I would hold that the proceeds of the inner tube rentals are subject to Missouri sales tax pursuant to section 144.020.1(2),[1] because they constitute "fees paid to, or in any place of amusement, entertainment or recreation, games, and athletic events."

As the principal opinion notes, Six Flags is a place of amusement. It contains various water rides, some of which permit use of an inner tube that Six Flags provides

without charge. One ride, however, the wave pool, requires patrons to pay a fee in order to obtain a special inner tube that is the only type of tube that can be used in the wave pool. Six Flags collected tax from its patrons on the fees it charged them to use the special inner tubes during the period in question. It now seeks a refund of those taxes, alleging that because it had initially paid a tax on its original purchase of the inner tubes, it is excused from paying tax on the fees it charged its patrons for using the tubes.

In support, Six Flags cites, and the majority relies on, the portion of section 144.020.1(8) that states:

> A tax equivalent to four percent of the amount paid or charged for rental or lease of tangible personal property, provided that if the lessor or renter of any tangible personal property had previously purchased the property under the conditions of "sale at retail" as defined in subdivision (8) of section 144.010 or leased or rented the property and the tax was paid at the time of purchase, lease or rental, the lessor, sublessor, renter or subrenter shall not apply or collect the tax on the subsequent lease, sublease, rental or subrental receipts from that property.

*Id.* I agree with the principal opinion that Six Flags would not owe tax on the fees it collects from its patrons from use of the tubes *if* only this portion of section 144.020.1(8) were considered and assuming for present purposes that Six Flags is considered to have rented or leased the tubes to its patrons (rather than merely licensing the patrons to use them). *See Six Flags Theme Parks, Inc. v. Dir. of Revenue*, 102 S.W.3d 526, 532–33 *(Six Flags I)* (Wolff, J., dissenting).

However, this portion of section 144.020.1(8) cannot be read in isolation. As the principal opinion recognizes, section 144.020.1(2) on its face requires that a tax be paid on the sums collected for the inner tubes, because it levies "[a] tax equivalent to four percent of the amount paid for admission and seating accommodations, or fees paid to, or in any place of amusement. . . ." *Id.*

The principal opinion holds that such taxes are nonetheless not required to be paid because section 144.020.1(2) conflicts with section 144.020.1(8), in that one requires payment of a tax, and the other does not. Therefore, the principal opinion states, this Court should apply the more "specific" of the two statutory sections, which the principal opinion would hold is section 144.020.1(8). *Accord, Six Flags I*, 102 S.W.3d at 529–30; *Westwood Country Club v. Dir. of Revenue*, 6 S.W.3d 885, 889 (Mo. banc 1999). This reasoning is incorrect for multiple reasons.

First, here the issue is the taxability of fees paid in and to a place of amusement for use of an inner tube. Section 144.020.1(2), which addresses the taxability of fees paid in or to places of amusement, is clearly more specifically applicable to this transaction than is section 144.020.1(8), which applies to all rentals or leases of tangible personal property. *Accord, Six Flags I*, 102 S.W.3d at 534 (Wolff, J., dissenting).

Even more basically, however, there simply is no conflict between the two sections. One imposes a tax on fees paid in or to places of amusement. The other imposes a tax on rentals and leases of personal property. Where personal property is rented or leased in a place of amusement, then the taxes set out in the two sections will *overlap*. The fact that the taxes may overlap does not mean they are in conflict. They would be in conflict only if one section said that transactions subject to both sections were taxable, and the other section said that transactions

subject to both transactions were not taxable. Then, truly, they would be inconsistent and this Court would have to apply one or the other using principles of statutory construction.

Here, however, there is no conflict. That is, while section 144.020.1(2) specifically makes the fees paid for the inner tubes taxable, section 144.020.1(8) does *not* state that these fees are not subject to tax. It simply does not also make them taxable as rentals or leases. Thus, the two statutes can be harmonized by holding that the inner tube fees are taxable as fees paid to or in a place of amusement under section 144.020.1(2). As noted in *J.B. Vending Co., Inc. v. Dir. of Revenue,* 54 S.W.3d 183, 189 n. 2 (Mo. banc 2001), only when such harmonization is not possible will the court resort to the rule concerning application of the more specific of two conflicting statutes. *Accord, Six Flags I,* 102 S.W.3d at 534 (Wolff, J., dissenting).[2]

The wording of the remainder of section 144.020.1(8) itself supports this manner of harmonizing the two statutes. After authorizing a tax on rentals and leases unless tax has previously been paid when the rented or leased item was purchased, section 144.020.1(8) goes on to provide a specific exemption from such taxation for the rental of "motor vehicles, trailers, boats and outboard motors." If section 144.020.1(8) trumped other sections, then this is all that would need to be stated in order to avoid imposition of a tax on rentals or leases of such items. The statute nonetheless goes on to state that, "In no event shall the rental or lease of boats and outboard motors be considered a sale, charge, or fee to, for or in places of amusement, entertainment or recreation nor shall any such rental or lease be subject to any tax imposed to, for, or in such places of amusement, entertainment or recreation...." *Id.*

In other words, in addition to stating that sales of boats and outboard motors shall not be taxed as rentals, the legislature went on to state that neither shall they be taxed as a fee paid to or in such a place of amusement, i.e., nor shall they be subject to the tax imposed under section 144.020.1(2). Of course, the latter language would have no purpose, and would add nothing to the statute, unless, absent it, a tax would be collected on the fees charged for use of boats or motors in places of amusement.

The legislature is presumed not to have intended a pointless act and all of its words must be given meaning and effect. *See, e.g., Blue Springs Bowl v. Spradling,* 551 S.W.2d 596, 599 (Mo. banc 1977) (by stating that tax is due for all fees paid to or in a place of amusement the legislature is presumed to have meant what it said and each word must be given meaning).[3]

**2.** Moreover, to the extent Six Flags is essentially asking for the last part of section 144.020.1(8) to be construed as an exemption, ambiguities as to an exemption from tax are to be strictly construed against the taxpayer. *Branson Props. USA, L.P. v. Dir. of Revenue,* 110 S.W.3d 824, 825 (Mo. banc 2003); *Dir. of Revenue v. Armco, Inc.,* 787 S.W.2d 722, 724 (Mo. banc 1990); *Spudich v. Dir. of Revenue,* 745 S.W.2d 677, 682 (Mo. banc 1988).

**3.** *See also Jones v. Dir. of Revenue,* 832 S.W.2d 516, 517 (Mo. banc 1992) (statutory construction requires that words be given their plain and ordinary meaning); *Staley v. Missouri Dir. of Revenue,* 623 S.W.2d 246, 250 (Mo. banc 1981) ("[a]ll provisions of a statute must be harmonized and every word, clause, sentence, and section thereof must be given some meaning"); *Kilbane v. Dir. of Dep't of Revenue,* 544 S.W.2d 9, 11 (Mo. banc 1976) (legislative changes should not be construed as to have accomplished nothing and to have been useless); *Gross v. Merchants–Produce Bank,* 390 S.W.2d 591, 597 (Mo.App. K.C.1965) ("legislatures are not presumed to have intended a useless act").

Therefore, since the legislature specifically exempted the fees paid for boats and outboard motors in places of amusement from being taxed, it follows that it did not exempt fees paid for the use of other items, such as the inner tubes in question here, from being taxed under section 144.020.1(2), under the maxim *expressio unius est exclusio alterius.*[4]

The principal opinion recognizes this principle, but says that it should not apply here for the legislature probably merely wanted to be sure that boats and outboard motors were taxed only under sections 144.090 and 144.440. The latter purpose was accomplished by the preceding phrase stating that boats and outboard motors would be taxed under those statutes, however. There was no need to go on and list the various statutes under which boats and motors would *not* be taxed, and of course the list of statutes under which boats and motors are *not* taxed is long indeed.

Section 144.020.1(8) specifically says that rentals of boats and motors shall not be subject to tax as a fee paid to a place of amusement because absent such a specific exemption such fees would be subject to tax under section 144.020.1(2) on that basis. Section 144.020.1(8) does not list an inner tube as being exempt from the tax otherwise applicable under section 144.020.1(2) for fees paid in places of public amusement, however. It fails to do so even though an inner tube, like a boat, is something that is used to propel a person in water and for which a fee may be paid at a place of amusement. Boats and outboard motors are not subject to tax under section 144.020.1(2), but inner tubes are.

So holding would be consistent with this Court's rulings in *Blue Springs Bowl,* 551 S.W.2d at 599; *Eighty Hundred Clayton Corp., d/b/a Tropicana Lanes v. Dir. of Revenue,* 111 S.W.3d 409, 410–11 (Mo. banc 2003); and *Bally's LeMan's Family Fun Centers, Inc. v. Dir. of Revenue,* 745 S.W.2d 683, 684 (Mo. banc 1988). To the extent that *Westwood Country Club* and *Six Flags I* hold to the contrary, they are incorrect and should be overruled.

---

4. *Giloti v. Hamm–Singer Corp.,* 396 S.W.2d 711, 713 (Mo.1965) (when a statute enumerates certain subjects on which it operates, or forbids certain things, "it is to be construed as excluding from its effect all those not expressly mentioned"); *State ex rel. O'Bannon v. Cole,* 220 Mo. 697, 119 S.W. 424, 428–29 (banc 1909) (the maxim is to be applied with the sole purpose of determining "whether or not the legislative body intended by mentioning one thing to exclude all others").