

# In the Missouri Court of Appeals
# Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| DISALVO PROPERTIES, LLC, | ) | No. ED101977 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | 10SL-CC04244 |
| | ) | |
| BLUFF VIEW COMMERCIAL, LLC, | ) | Honorable David Lee Vincent III |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DEBI PURVIS, | ) | |
| | ) | |
| Respondent. | ) | Filed: June 16, 2015 |

DiSalvo Properties, LLC ("Appellant") appeals the judgment denying its request for a

court-ordered foreclosure and sale of the membership interests held by Debi Purvis

("Respondent") in two Missouri limited liability companies. We affirm.

### I.      BACKGROUND

In October 2010, Appellant filed a petition asserting two counts of fraud against

Respondent.[1] Respondent did not respond to the petition, and in January 2011 the trial court

entered a $1,501,041 default judgment against Respondent ("the underlying judgment").

---

[1] Appellant's petition also asserted a breach of contract count against underlying defendant Bluff View Commercial, LLC. Bluff View did not respond to the petition, and the trial court entered a default judgment against Bluff View in the amount of $500,000. This portion of the trial court's judgment is not relevant to this appeal, and Bluff View is not a party to this appeal.

As of May 2014, the amount of the underlying judgment against Respondent remained unsatisfied. Therefore, Appellant filed an application for a charging order against the membership interests owned by Respondent in two Missouri limited liability companies, Perrydise Properties, LLC and WR Management, LLC ("the two Missouri LLC's"), for the amount of the underlying judgment plus post-judgment interest. Appellant's application for a charging order requested the trial court to, *inter alia*, order Respondent's membership interests in the two Missouri LLC's "to be foreclosed and sold by the Sheriff of St. Louis County at public sale."

On August 1, 2014, the trial court entered a charging order in favor of Appellant and against Respondent's membership interests in the two Missouri LLC's for the amount of the underlying judgment plus post-judgment interest. The trial court also ordered the parties to file memoranda of law on the issue of whether the court could order a foreclosure and sheriff's sale of the membership interests.

Thereafter, on August 13, 2014, the trial court entered a judgment denying Appellant's request for a court-ordered foreclosure and sale of Respondent's membership interests in the two Missouri LLC's. In denying Appellant's requested relief, the trial court found "[a] foreclosure and [s]heriff's [s]ale is not available to a [j]udgment [c]reditor who has obtained a [c]harging [o]rder on the [m]embership [i]nterest of a [m]ember of a Missouri limited liability company." This appeal followed.

## II.    DISCUSSION

In Appellant's sole point on appeal, it asserts the trial court erred in denying its request for a court-ordered foreclosure and sale of the charged membership interests in the two Missouri LLC's. Appellant maintains such a remedy is authorized by Missouri statutes and case law.

2

**A.      Standard of Review and General Law**

As with any court-tried case, we review a trial court's judgment involving the entry of a charging order pursuant to *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Regions Bank v. Alverne Associates, LLC*, 456 S.W.3d 52, 55 (Mo. App. E.D. 2014). Accordingly, we will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id*. at 55.

Statutory interpretation is a question of law which this Court reviews de novo. *Dynasty Home, L.C. v. Public Water Supply District Number 3 of Franklin County*, 453 S.W.3d 876, 879 (Mo. App. E.D. 2015). Our primary rule in interpreting statutes is to determine the intent of the legislature from the language used, to give effect to that intent, and to consider the words in their plain and ordinary meaning. *Id*.

In ascertaining legislative intent, courts are guided by established rules of statutory construction, including the rule known as "*expressio unius est exclusio alterius*," which means, "the express mention of one thing implies the exclusion of another." *McCoy v. The Hershewe Law Firm, P.C.*, 366 S.W.3d 586, 593-94 (Mo. App. W.D. 2012) (quotations omitted). This particular rule, which should be used with great caution, allows an inference that obvious omissions by the legislature are generally presumed to be intentional exclusions. *Id*. at 594; *Six Flags Theme Parks, Inc. v. Director of Revenue*, 179 S.W.3d 266, 269-70 (Mo. banc 2005). It is only proper to use the rule of *expressio unius est exclusio alterius* "when it would be natural to assume by a strong contrast that [ ] which is omitted must have been intended for the opposite treatment." *Six Flags*, 179 S.W.3d at 269-70.

3

We presume the General Assembly legislates with knowledge of existing laws. *Turner v. School Dist. Of Clayton*, 318 S.W.3d 660, 667 (Mo. banc 2010). Accordingly, when engaging in statutory interpretation, "it is appropriate to take into consideration statutes involving similar or related subject matter when such statutes shed light upon the meaning of the statute being construed, even though the statutes are found in different chapters and were enacted at different times." *Dodson v. City of Wentzville*, 216 S.W.3d 173, 177 (Mo. App. E.D. 2007) (quotations omitted).

In this case, Appellant, a judgment creditor of Respondent, obtained a charging order against Respondent's membership interests in the two Missouri LLC's. As recently explained by this Court, "[a] charging order is a post-judgment remedy that allows [a] judgment creditor of an individual debtor-member of a limited liability company (or a partnership) to enforce a judgment by charging the individual member's distributional interests with the unsatisfied amount of a judgment." *Regions Bank*, 456 S.W.3d at 56. Moreover, a charging order entered against a membership interest of an LLC or a partnership interest requires an LLC or partnership "to pay over to the person to which the charging order was issued any distribution that would otherwise be paid to the judgment debtor." *Id*. (quotations omitted).

**B.** **Whether a Foreclosure or Court-Ordered Sale of Charged Membership Interests in an LLC is a Remedy Authorized by Missouri Statutes or Case Law**

This case raises an issue of first impression under Missouri law: whether a foreclosure or court-ordered sale of charged membership interests in a limited liability company ("LLC") is a remedy authorized by Missouri statutes or case law.

**1.** **Missouri Statutes Pertaining to Charging Orders**

There are three Missouri statutes which authorize charging orders as a post-judgment remedy for judgment creditors of individual debtors who hold interests in LLCs or partnerships:

4

section 347.119 RSMo 2000[2] of the Missouri Limited Liability Company Act[3] ("the Missouri LLC Act") authorizes a charging order to be entered against an individual debtor-member's interest in an LLC; section 359.421 of the Uniform Limited Partnership Law[4] authorizes a charging order to be entered against an individual debtor-partner's interest in a partnership; and section 358.280.1 of the Uniform Partnership Law[5] authorizes a charging order to be entered against an individual debtor-partner's interest in a partnership.

### a.  The Missouri LLC Act

Section 347.119 of the Missouri LLC Act states, in full:

> On application to a court of competent jurisdiction by any judgment creditor of a member, the court may charge the member's interest in the limited liability company with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the member's interest. Sections 347.010 to 347.187 do not deprive any member of the benefit of any exemption laws applicable to his interest in the limited liability company.

A foreclosure or court-ordered sale of charged membership interests in an LLC is not expressly contemplated by section 347.119 or any other section of the Missouri LLC Act.[6]  *See id.*; *see generally* sections 347.010 to 347.187.

---

[2] All further statutory references are to RSMo 2000.

[3] *See* section 347.010 (providing that "[s]ections 347.010 to 347.187 shall be known and may be cited as the 'Missouri Limited Liability Company Act'").

[4] *See Naylor Senior Citizens Housing, LP v. Side Const. Co., Inc.*, 423 S.W.3d 238, 243 (Mo. banc 2014) (referring to Chapter 359 as the "Uniform Limited Partnership Law").

[5] *See* section 358.010 (stating that Chapter 358 "may be cited as 'Uniform Partnership Law'").

[6] We note that section 347.119 predates the model rules, which do expressly contemplate and authorize a court-ordered foreclosure and sale of charged membership interests in an LLC.  *See* Unif.Ltd.Liability Co.Act section 503(c) (2006) ("[u]pon a showing that distributions under a charging order will not pay the judgment debt within a reasonable time, the court may foreclose the lien and order the sale of the transferable interest"); Unif.Ltd.Liability Co.Act section 504(b) (1996) ("A charging order constitutes a lien on the judgment debtor's distributional interest. The court may order a foreclosure of a lien on a distributional interest subject to the charging order at any time. A purchaser at the foreclosure sale has the rights of a transferee.").

### b. The Uniform Limited Partnership Law and the Uniform Partnership Law

Section 359.421 of the Uniform Limited Partnership Law, which governs limited partnerships, states, in full:

> On application to a court of competent jurisdiction by any judgment creditor of a partner, the court may charge the partnership interest of the partner with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the partnership interest. This chapter does not deprive any partner of the benefit of any exemption laws applicable to his partnership interest.

This language of section 359.421 is nearly identical to the language of section 347.119 of the Missouri LLC Act and does not expressly contemplate a foreclosure or court-ordered sale of charged partnership interests. *See* sections 359.421 and 347.119. Similarly, no other section of the Uniform Limited Partnership Law expressly contemplates a foreclosure or court-ordered sale of charged partnership interests. *See generally* Chapter 359. However, section 359.671 of the Uniform Limited Partnership Law does expressly provide: "In any case not provided for in this chapter, the provisions of the [U]niform [P]artnership [L]aw govern."

Section 358.280 of the Uniform Partnership Law states, in relevant part:

> 1. On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts and inquiries which the debtor partner might have made, or which the circumstances of the case may require.

> 2. *The interest charged may be redeemed at any time before foreclosure, or in case of a sale being directed by the court* may be purchased without thereby causing a dissolution . . ..

(emphasis added). Accordingly, section 358.280.2 of the Uniform Partnership Law, unlike the provisions of the Missouri LLC Act and the Uniform Limited Partnership Law, expressly

6

contemplates and authorizes a foreclosure and court-ordered sale of charged partnership interests in a partnership. *See Wills v. Wills*, 750 S.W.2d 567, 574 (Mo. App. E.D. 1998) (holding foreclosure of charged partnership interests is an available remedy under section 358.280).

The Uniform Partnership Law governs general partnerships. 1A MOPRAC section 33.1 (4th ed. updated December 2014). Thus, section 358.280.2 expressly authorizes a foreclosure and court-ordered sale of charged partnership interests in a general partnership.

The Uniform Partnership Law also governs "limited partnerships except insofar as the statutes relating to such partnerships are inconsistent herewith." Section 358.060.2; *see also* section 359.671 of the Uniform Limited Partnership Law ("[i]n any case not provided for in this chapter, the provisions of the "[U]niform [P]artnership [L]aw govern"). As previously stated, neither section 359.421 of the Uniform Limited Partnership Law set out above nor any other section of Chapter 359 expressly contemplates a foreclosure or court-ordered sale of charged partnership interests of a limited partnership. Accordingly, the statutes relating to limited partnerships are not inconsistent with the provision in the Uniform Partnership Law authorizing a foreclosure and court-ordered sale of charged partnership interests. Consequently, the Uniform Limited Partnership Law and Uniform Partnership Law implicitly authorize a foreclosure and court-ordered sale of charged partnership interests in a limited partnership. *See Dynasty Home*, 453 S.W.3d at 879 (statutory interpretation requires us to, *inter alia*, harmonize statutory provisions).

2. **Missouri Statutes Do Not Explicitly or Implicitly Authorize a Foreclosure or Court-Ordered Sale of Charged Membership Interests in an LLC**

As previously stated in Section II.B.1.a., a foreclosure or court-ordered sale of charged membership interests in an LLC is not expressly contemplated by section 347.119 or any other

section of the Missouri LLC Act. *See* section 347.119; *see generally* sections 347.010 to 347.187.

Additionally, there is nothing in Missouri statutes pertaining to charging orders which implicitly authorizes a foreclosure or court-ordered sale of charged membership interests in an LLC. Contrary to our analysis in Section II.B.1.b. with respect to limited partnerships, there is no statutory provision in the Missouri LLC Act or the Uniform Partnership Law expressly providing that the Uniform Partnership Law governs LLC's.

Importantly, at the time section 347.119 and the Missouri LLC Act were originally enacted in 1993, sections 358.280.2 and 358.060.2 of the Uniform Partnership Law and section 359.671 of the Uniform Limited Partnership Law were already in existence,[7] and we presume the 1993 General Assembly legislated with knowledge of those existing laws. *Turner*, 318 S.W.3d at 667. As explained in Section II.B.1.b., those provisions of the Uniform Partnership Law and Uniform Limited Partnership Law expressly and implicitly authorize a foreclosure and court-ordered sale of charged partnership interests in a general partnership and limited partnership. The legislature could have enacted similar language expressly or implicitly authorizing a foreclosure and court-ordered sale of charged membership interests in an LLC but failed to do so.[8] Given that the legislature was fully aware of the provisions of sections 358.280.2 and 358.060.2 of the Uniform Partnership Law and section 359.671 of the Uniform Limited Partnership Law when enacting the Missouri LLC Act, then under the rule of *expressio unius est exclusio alterius,* we find the legislature must have intentionally omitted foreclosures and court-ordered sales as a remedy with respect to charged membership interests in an LLC. *See*

---

[7] Section 358.280 was enacted in 1949 and has had no amendments since that time. Section 358.060 was enacted in 1949 and was amended in 1995, but that amendment did not substantively change the relevant portion of subsection 2 at issue in this appeal. Section 359.671 was enacted in 1985, was effective as of January 1, 1987, and has had no amendments since that time.

[8] The legislature could also have enacted language similar to the language in the model rules which expressly authorizes a court-ordered foreclosure and sale of charged membership interests in an LLC. *See* footnote 6.

8

*Greenbriar Hills Country Club v. Director of Revenue*, 47 S.W.3d 346, 351-52 (Mo. banc 2001) (finding similarly with respect to statutes in two different chapters pertaining to attorney's fees); *Anani v. Greip*, 406 S.W.3d 479, 482 (Mo. App. E.D. 2013) ("[i]f a phrase or term is included in one section of a statute but the same language is omitted from another, we presume that the disparate language was enacted purposefully").

An appellate court "must enforce statutes as they are written, not as they might have been written." *Smith v. McAdams*, 454 S.W.3d 418, 421 (Mo. App. W.D. 2015) (quotations omitted). Moreover, we "may not engraft upon [a] statute provisions which do not appear in explicit words or by implication from other words in the statute." *State v. Collins*, 328 S.W.3d 705, 709 n.6 (Mo. banc 2011) (quotations omitted). Based on the foregoing, we hold Missouri statutes do not explicitly or implicitly authorize a foreclosure or court-ordered sale of charged membership interests in an LLC.

### 3. Missouri Case Law Does Not Authorize a Foreclosure or Court-Ordered Sale of Charged Membership Interests in an LLC

In its brief, Appellant asserts Missouri case law authorizes a foreclosure and court-ordered sale of charged membership interests in an LLC because section 347.119 does not expressly forbid those remedies and because "under Missouri law generally, even in the absence of a specific enabling statute, a judgment creditor is entitled to an order in equity permitting foreclosure of a lien against property of a judgment debtor. *Hu[r]t v. Edwards*, 148 S.W.2d 542 (Mo. 1941); *Bondurant v. R[av]en Coal Co.*, 25 S.W.2d 566 (Mo. App. 1929)."

In citing to *Hurt* and *Bondurant* for that alleged proposition of Missouri law, we assume Appellant is referring to the following language in those cases, respectively, (1) "[t]he way to enforce an equitable lien is foreclosure by sale under court order"; and (2) "[i]n the absence of a statute providing for the foreclosure of liens at law, such relief may be had in a court of equity."

9

148 S.W.2d at 543; 25 S.W.2d at 571. However, we find that language is not applicable to this case because the circumstances in *Hurt* and *Bondurant* are distinguishable.

In *Hurt*, the underlying action was a suit to quiet title, and the case involved a lien for taxes and improvements. 148 S.W.2d at 542. Most importantly, the Supreme Court's opinion did not reference or involve any Missouri statute pertaining to foreclosure of liens. *See id*. at 542-43. *Bondurant* involved a third-party defendant's claim that she was entitled to foreclosure of her lien upon shares of stock and whether she was a proper third-party defendant.[9] 25 S.W.2d at 569-71. Like the Supreme Court's opinion in *Hurt*, the appellate court's decision in *Bondurant* did not reference or involve any Missouri statute pertaining to foreclosure of liens. *See id*. In other words, the language in *Hurt* and *Bondurant* referred to by Appellant which authorized foreclosure of liens as a remedy took place in a statutory vacuum.

It is true that a charging order entered against a membership interest of an LLC or a partnership interest can be described as a "sort of lien" on the interest the individual debtor-member or debtor-partner has in the LLC or partnership. *See Wills*, 750 S.W.2d at 574 (finding similarly with respect to a charging order entered against a partnership interest). Nevertheless, in contrast to the absence of *any* applicable statutes in *Hurt* and *Bondurant*, the Missouri legislature has enacted specific statutes with respect to charging orders: the Missouri LLC Act including section 347.119, the Uniform Limited Partnership Act, and the Uniform Partnership Act. As previously discussed in Section II.B.2., a comparison of those statutes reveals that by omitting language in the Missouri LLC Act which would expressly or implicitly authorize a foreclosure and court-ordered sale of charged membership interests in an LLC, the legislature intended for

---

[9] *Bondurant* also involved other issues which are not relevant to this case, including whether a corporation could take a promissory note for its treasury shares. *See* 25 S.W.2d at 571-75; *Place v. P.M. Place Stores Co.*, 857 S.W.2d 291, 293 (Mo. App. W.D. 1993). The *Bondurant* Court's holding on that particular issue was later superseded by statute. *Place*, 857 S.W.2d at 293.

judgment creditors to not have that remedy in cases such as this, where a charging order is entered in favor of judgment creditor against a judgment-debtor's membership interests in an LLC. We can find no Missouri case, including *Hurt* or *Bondurant*, which dictates a contrary result. Therefore, the trial court did not err in denying Appellant's request for a court-ordered foreclosure and sale of the charged membership interests in the two Missouri LLC's. Point denied.

### III. CONCLUSION

The trial court's judgment is affirmed.

_____
ROBERT M. CLAYTON III, Judge

Patricia L. Cohen, P.J., and
Roy L. Richter, J., concur.