**WEATHER GUARD, INC., Appellant,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent.**

No. 54211.

Missouri Court of Appeals, Eastern District, Division One.

March 22, 1988.

James A. Stemmler, St. Louis, for appellant.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Weather Guard, Inc. (Wholesaler), appeals an order of the Administrative Hearing Commission affirming the assessment by the Director of Revenue (Director) of use tax in the sum of $12,021.97 against Wholesaler on the use of insulation blowing machines which were purchased out-of-state. This case was originally filed in the Supreme Court of Missouri and transferred to this court by an order dated January 5, 1988. We reverse.

Wholesaler asserts the machines were exempt from the use tax pursuant to § 144.615(6) because they were held solely for the purpose of resale or rental. Wholesaler was in the business of promoting the sale of insulation to retailers via a "do-it-yourself" program by providing insulation machines to retailers of its product. In turn, the retailers sold the insulation to its customers along with the license for customers to use one of the insulation machines in installing the insulation, with no extra charge being assessed for the use of the machine beyond the increased cost of the insulation in the "do-it-yourself" program.

Wholesaler paid an out-of-state manufacturer $650 for each machine. A retailer wishing to become involved in the program signed a "Rental Machine Agreement," reciting receipt of the machine; the machine was on loan in accordance with a Retailer Dealer Agreement; the machine remained the property of Wholesaler; and retailer was to return the machine to Wholesaler upon request in accordance with the Retailer Dealer Agreement.

The Retailer Dealer Agreement provided: Wholesaler was to supply the machine and accessories to retailer at no charge for use. Wholesaler was to repair the machine with retailer to pay for such repairs, but retailer was to receive a credit for machine repairs

not to exceed $.05 per bag of insulation purchased. Retailer agreed to purchase and use exclusively Wholesaler's insulation; and Wholesaler retained exclusive ownership and title to the machine and its accessories.

Section 144.610 levies and imposes a tax for the privilege of storing, using or consuming within this state any article of tangible personal property purchased outside the state. § 144.610, RSMo 1986.

Section 144.615(6) provides for an exemption from use tax for:

(6) Tangible personal property held by processors, retailers, importers, manufacturers, wholesalers, or jobbers solely for resale in the regular course of business.

Section 144.605(5) defines "sale" as:

[A]ny transfer, barter or exchange of the title or ownership of tangible personal property, or the right to use, store or consume the same, for a consideration paid or to be paid, and any transaction whether called leases, rentals, bailments, loans, conditional sales or otherwise....

The machines were not held for resale in the ordinary sense of the word, because they were not permanently transferred to retailers and ultimately to customers as were the paper sacks in *King v. National Super Markets, Inc.*, 653 S.W.2d 220 (Mo. banc 1983). However, it is obvious from § 144.605(5) that a rental qualifies as a sale. Thus the question remains whether the machines were rented to customers or loaned at no charge.

There was evidence that the insulation sold in the "do-it-yourself" program cost more than the insulation sold by Wholesaler without use of one of Wholesaler's machines. However, the Commission found "[t]he mere fact that the cost of the blowers may be included in the total price of the insulation is not sufficient to constitute a 'sale' of the blowers." This finding was contrary to the construction of § 144.615(6) in *King*, 653 S.W.2d at 221. The court in *King* held that when the cost of paper sacks was factored into the price for which goods were sold, that constituted a resale under § 144.615(6). *Id.* at 222.

Moreover, because the customers paid sales tax on the increased cost of the insulation, there was no loss of tax revenue to the State of Missouri, *See Management Services, Inc. v. Spradling*, 547 S.W.2d 466, 468 (Mo. banc 1977) (primary function of § 144.610 is to supplement and protect the sales tax on out-of-state purchases), and to impose a use tax would amount to double taxation. *See King*, 653 S.W.2d at 222.

Reversed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.