

# SUPREME COURT OF MISSOURI
## en banc

FIVE DELTA ALPHA, LLC,　　　　　　　 )
　　　　　　　　　　　　　　　　　　　 )
　　　　　　　Appellant,　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　 )
　　　　v.　　　　　　　　　　　　　　　 )　　　　No. SC94224
　　　　　　　　　　　　　　　　　　　 )
DIRECTOR OF REVENUE,　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　 )
　　　　　　　Respondent.　　　　　　　　 )

PETITION FOR REVIEW OF A DECISION OF THE
ADMINISTRATIVE HEARING COMMISSION
The Honorable Sreenivasa Rao Dandamudi, Commissioner

*Opinion issued February 24, 2015*

**PER CURIAM**

Five Delta Alpha, LLC ("FDA") filed a complaint with the Administrative Hearing Commission ("AHC"), appealing the denial by the Director of Revenue ("Director") of FDA's use tax refund claim on its purchase and subsequent lease of an aircraft to JetSelect, LLC ("JetSelect"). The AHC denied FDA the refund, finding the lease to JetSelect did not constitute a "sale" for purposes of the statutory exemption in section 144.030.2(20), RSMo Supp. 2010.[1] The decision of the AHC is reversed, and the matter is remanded.

---

[1] Further amendment of this section resulted in renumbering the subdivision to (21). See section 144.030.2, RSMo Noncom. Supp. 2014. All statutory citations will be for the time period relevant to the transactions and the payment of the taxes under protest, i.e., RSMo 2000 and RSMo Supp. 2010, unless otherwise noted.

## Factual and Procedural History

FDA purchased a Bombardier Challenger 300 aircraft in Kansas and immediately leased the aircraft to JetSelect.[2]  JetSelect then moved the aircraft to Missouri where it has since been based in Kansas City for use in JetSelect's air carrier operations.[3]

FDA paid Missouri use tax in the amount of $1,396,083.33 under protest and filed a tax protest payment affidavit with the Director.  FDA asserted that the purchase of the aircraft was eligible for exemption pursuant to section 144.030.2(20), because the aircraft is leased to JetSelect as a common carrier providing air carrier service to the general public pursuant to JetSelect's Federal Aviation Administration certificate.  The Director denied FDA's refund, and FDA appealed the Director's decision to the AHC.

The AHC found JetSelect to be a common carrier but concluded that FDA was not entitled to the refund because FDA's lease was not a "sale" for purposes of the resale exemption.  FDA appealed the "sale" issue, and the Director cross-appealed the AHC's determination that JetSelect was a common carrier.  The Director subsequently dismissed her cross-appeal pursuant to Rule 84.09.  This Court has jurisdiction under Article V, Section 3 of the Missouri Constitution because the case involves the construction of the revenue laws of this state.

---

[2] The purchase was completed on March 8, 2011, the effective date of the lease to JetSelect.
[3] JetSelect is engaged in the business of providing on-demand air transportation to paying customers in accordance with FAA requirements for air carriers contained in Part 135 of the Federal Aviation Regulations ("FARs") (14 CFR Sections 135.1 and following) and maintains a Part 135 certificate authorizing common carrier operations.  The company holds itself out to the general public as engaging in the transportation of passengers or property for hire under individual agreements, without refusal if the fare or charge is paid and there is an empty aircraft available to transport the customer or group.

**Standard of Review**

"A decision of the AHC will be affirmed if: (1) it is authorized by law; (2) it is supported by competent and substantial evidence based on the whole record; (3) mandatory procedural safeguards are not violated; and (4) it is not clearly contrary to the reasonable expectations of the legislature." *Circuit City Stores, Inc. v. Dir. of Revenue*, 438 S.W.3d 397, 399 (Mo. banc 2014); Mo. Const. art. V, sec. 18; section 621.193. If the evidence supports either of two opposing findings of fact, deference is afforded to the administrative decision. *Street v. Dir. of Revenue*, 361 S.W.3d 355, 357 (Mo. banc 2012). However, the Court reviews the AHC's interpretation of revenue statutes *de novo. Circuit City, 438 S.W.3d at 399*. A taxpayer must show by "clear and unequivocal proof that it qualifies for an exemption, and all doubts are resolved against the taxpayer." *Fred Weber, Inc. v. Dir. of Revenue*, ___ S.W.3d ___, No. SC94109, 2015 WL 161751, at *2 (Mo. banc 2015). See also section 621.050.2 ("burden of proof shall be on the taxpayer").

**Analysis**

FDA argues the AHC erred in finding FDA did not qualify for the resale exemption for use tax as provided in section 144.018, pursuant to the exemption to common carriers in section 144.030.2(20). FDA further claims the AHC erred in excluding three exhibits from the record because FDA believes the evidence is relevant to the determination of whether JetSelect was a common carrier.

In her cross-appeal, the Director challenged the AHC's finding that JetSelect was a "common carrier" for purposes of section 144.030.2(20). The Director subsequently

3

dismissed that cross-appeal. The Director concedes that "at least in certain circumstances, leases can constitute 'sales' for purposes for determining whether a particular purchase – even the purchase of an airplane – was 'for resale,'" as was found in *Brambles Indus., Inc. v Dir. of Revenue*, 981 S.W.2d 568, 570 (Mo. banc 1998). In her brief, the Director also agrees that if JetSelect is a "common carrier" then FDA's purchase was for "resale." And when questioned at oral argument, the Director stated that for purposes of this appeal the record below supported the determination that JetSelect is a common carrier. Thus, the Director concedes that FDA's purchase of the plane qualifies for the "resale" exemption in section 144.030.2(20).

**Evidence Excluded by the AHC**

FDA argued that the AHC erred in its evidentiary rulings when excluding its proffered exhibits O, P and Q, which it claims were relevant to the issue of whether JetSelect is a common carrier for purposes of Missouri sales and use tax. Each of these exhibits was excluded when the AHC sustained the Director's objection on the basis of the exhibit's relevancy.[4] Even if the Court assumes the AHC erred in these evidentiary rulings, that error was harmless because the AHC ultimately determined that JetSelect

---

[4] Exhibit O is an FAA Advisory Circular discussing Common Carriage. Exhibit P is a screenshot from the website of Priceline.com. The exhibit was offered to show that airlines do not lose their common carrier status simply by negotiating prices with passengers – the airline does not become a "contract carrier." FDA asserts that the negotiability of price in JetSelect's agreement with its customers does not disqualify JetSelect as a common carrier. Exhibit Q is Southwest Airline's published Contract of Carriage and applies to every ticket sold by Southwest Airlines to its passengers. FDA offered the exhibit to refute the Director's assertion that JetSelect could not be a common carrier because it entered into individual agreements with its customers. The AHC excluded exhibit O stating it believed that the Advisory Circular did not address whether JetSelect is a common carrier for purposes of Missouri law. The AHC excluded exhibits P and Q believing this Court's analysis of what constitutes a common carrier does not involve price negotiation or individual customer agreements.

4

was a common carrier and the Director, at oral argument, conceded that the AHC's determination that JetSelect is a common carrier is supported by the record in this case. Harmless error cannot justify reversal. Rule 84.13(b).

**FDA's Lease to JetSelect was a "Sale"**

FDA purchased the aircraft solely for lease to JetSelect. After the purchase was made in Kansas, the aircraft was based in Missouri.

A "purchase" is defined as "the acquisition of the ownership of, or title to, tangible personal property, through a sale, as defined herein, for the purpose of storage, use or consumption in this state." Section 144.605(5). A "sale" is "any transfer, barter or exchange of the title or ownership of tangible personal property, or the right to use, store or consume the same, for a consideration paid or to be paid, **and any transaction whether called leases**, … or otherwise, and notwithstanding that the title or possession of the property is retained for security." Section 144.605(7).[5] (Emphasis added). "Tangible personal property" is defined as "all items subject to Missouri sales tax as provided in subdivisions (1) and (3) of section 144.020." Section 144.605(11). An aircraft is an item subject to Missouri sales tax as tangible personal property. *Fall Creek Const. Co. v. Dir. of Revenue*, 109 S.W.3d 165, 169 (Mo. banc 2003).[6]

---

[5] Similarly, the definition of the term "gross receipts" in section 144.010.1(3) addresses the consideration of leases as sales, providing in pertinent part: "Gross receipts", ... For the purposes of sections 144.010 to 144.525 the total amount of the sale price … shall also include the lease or rental consideration where the right to continuous possession or use of any article of tangible personal property is granted under a lease or contract and such transfer of possession would be taxable if outright sale were made and, in such cases, the same shall be taxable as if outright sale were made and considered as a sale of such article …."

[6] See also *Westwood Country Club v. Dir. of Revenue*, 6 S.W.3d 885, 887 (Mo. banc 1999) (when aircraft are sold to non-exempt entities a sales or use tax is to be collected on the sale of the final product.).

Section 144.018.1(4) governs the purchase of tangible personal property for the purpose of resale, and provides in pertinent part:

> 1. Notwithstanding any other provision of law to the contrary, … when a purchase of tangible personal property or service subject to tax is made for the purpose of resale, such purchase shall be either exempt or excluded under this chapter if the subsequent sale is:
> ***
> (4) Subject to tax but exempt under this chapter; …

Section 144.615(3) addresses the use tax exemption for resales stating:

> There are specifically exempted from the taxes levied in sections 144.600 to 144.745:[7]
> ***
> (3) Tangible personal property, the sale or other transfer of which, if made in this state, would be exempt from or not subject to the Missouri sales tax pursuant to the provisions of subsection 2 of section 144.030 …

Subsection 2 of section 144.030 describes exemptions from state and local sales and use taxes, providing in pertinent part:

> 2. There are also specifically exempted from … the computation of the tax levied, assessed or payable pursuant to … sections 144.010 to 144.525 and 144.600 to 144.745:
> ***
> "(20) All sales of aircraft to common carriers for storage or for use in interstate commerce …."

The interplay of these statutes would exempt FDA from paying Missouri sales or use tax, pursuant to chapter 144, if FDA purchased the aircraft for the purpose of leasing it to JetSelect and the lease constituted a "resale" subject to tax but exempt under section 144.018(4).

This Court, applying the statutory definition of "sale," has previously held that a lease can constitute a sale for resale where the right of use is fully transferred, even if the

---

[7] Sections 144.600 through 144.746 are collectively known as the "Compensation Use Tax Law." Section 144.600.

6

title or ownership of the property is not transferred. *Brambles*, 981 S.W.2d at 570.[8] The end result of the lease in this matter is, as it was in *Brambles*, the same as though an outright sale had been made. *Id.*[9]

The facts of this case are on point with *Brambles*. The lease to JetSelect constitutes a sale for sales tax purposes because the right of the aircraft's use was fully transferred to JetSelect, who in turn, provided air courier service for valuable consideration. The Director conceded at oral argument that for purposes of this appeal this record supported the determination that JetSelect is a common carrier. Based on this record and the concessions of the Director, FDA has shown clear and unequivocal proof that it qualifies for the exemption.

## Conclusion

The decision of the AHC is reversed, and the matter is remanded to the AHC.

All concur.

---

[8] The taxpayer in *Brambles* (Brambles Industries, Inc. d/b/a "Chep") leased pallets to Proctor & Gamble ("P&G") for use in shipping soap from P&G's St. Louis plant to its customers. Chep collected tax on the lease proceeds and remitted it to the Department of Revenue. Chep then filed for a refund, arguing that an outright sale of the pallets would qualify for the sale for resale exemption to sales tax and so should leases of the pallets. This Court held that proceeds from the lease were exempt from sales tax the same as from outright sales of such property because the packaging material was leased for the purpose of transferring the right to use the packaging material to a subsequent purchaser for valuable consideration. *Brambles*, 981 S.W.2d 568 at 569-571.

[9] See also *Weather Guard Inc. v. Dir. of Revenue*, 746 S.W.2d 657 (Mo. App. 1988) (rentals of tangible personal property are "sales" for purposes of the resale exemption to use tax in section 144.615).